In the Matter of A. C. NURSERIES, INC., Appellant, against JOHN A. BRADY, as Superintendent of Department of Buildings of City of Yonkers, Respondent. — In a proceeding brought by petitioner under article 78 of the Civil Practice Act for an order to compel respondent to issue a permit for alterations to a building owned by petitioner in the city of Yonkers, petitioner appeals from a final order of the Supreme Court denying its application and dismissing its petition on the merits. Issuance of the permit requested was refused by respondent on the ground that the proposed use of the building, as altered, would be in violation of the Zoning Ordinance of the City of Yonkers. At the time the Zoning Ordinance was enacted, appellant's property was part of a much larger tract owned by appellant's predecessor in title and used as a nursery, a permitted principal use of such property under said ordinance. In addition to the principal uses which were permitted in the district in which the property was zoned, the ordinance also permitted accessory uses customarily incident thereto. The building in question was then used for storage, office, and other purposes on behalf of a retail florist business, which maintained several stores in New York City and which were operated by or through the corporation which owned the property and operated the nursery. Appellant contended that such use established a right to a nonconforming use of the premises, of which the proposed use, for storage of materials and equipment and for office space, by appellant's tenant, a roofing contractor, would be a continuance. Appellant further contended that respondent and the City of Yonkers were estopped from denying its alleged right to such a nonconforming use by reason of an adjudication made in the Court of Special Sessions of the City of Yonkers in a criminal proceeding brought against appellant for violation of the Zoning Ordinance and by reason of their failure to object previously to similar use of other portions of appellant's premises. Final order

unanimously affirmed, with $50 costs and disbursements. Although some issues of fact were presented, the order appealed from was made upon the papers submitted, without the taking of testimony as provided for by section 1295 of the Civil Practice Act. However, the record does not disclose that appellant requested such a hearing at Special Term, nor does appellant contend upon this appeal that a hearing should have been held. In our opinion the use of the building in question for purposes of the retail florist business operated by appellant's predecessor in title was not a nonconforming use at the time when the Zoning Ordinance was enacted but was a use accessory to the principal use of the premises by such predecessor as a nursery, which use and uses accessory thereto were expressly permitted by the ordinance. The proposed use, however, is concededly not accessory to any use of the premises for nursery purposes. The criminal proceeding in the Court of Special Sessions did not constitute an adjudication that appellant had a right to a nonconforming use of the premises and neither respondent nor the City of Yonkers were estopped to question such alleged right thereby, and the alleged failure on the part of respondent or other city officials to object to other use of the premises in violation of the Zoning Ordinance did not estop respondent from refusing to issue the permit here requested, on the ground stated. (Cf. *Matter of Longo* v. *Eilers*, 196 Misc. 909, 914; *Matter of S. B. Garage Corp.* v. *Murdock*, 185 Misc. 55, 60; *Rubel Corp.* v. *City of New York*, 73 N. Y. S. 2d 813, affd. 274 App. Div. 925.) Appellant has failed to establish a clear legal right to the relief demanded. Present — Nolan, P. J., Johnston, Adel, Wenzel and Mac-Crate, JJ.